**E. E. BENOIST et al.,**
**Plaintiffs-Appellants,**

**v.**

**BROTHERHOOD OF LOCOMOTIVE**
**ENGINEERS et al.,**
**Defendants-Appellees.**

**No. 77–1179.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 24, 1977.

Decided May 26, 1977.

Rehearing and Rehearing En Banc
Denied June 10, 1977.

---

Charles P. Todt and Susan M. Hammer, Clayton, Mo., filed brief for appellants.

Richard H. Kraushaar, Cleveland, Ohio, and John L. Rooney, St. Louis, Mo., filed brief for appellee Broth. of Locomotive Engineers.

John H. Haley, Jr., St. Louis, Mo., filed brief for appellee United Transp. Union.

Albert E. Schoenbeck and Robert D. Tucker, St. Louis, Mo., and Martin M. Lucente, Chicago, Ill., filed brief for appellee Norfolk & Western R. Co.

Before HEANEY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

Plaintiffs appeal from the district court's denial of their motion for an extension of time for filing their notice of appeal.

Plaintiffs' cause of action was dismissed without prejudice on December 29, 1976. On February 1, 1977, the clerk of the district court received a notice of appeal on behalf of plaintiffs. As it was received four days after the expiration of the 30 day time period allowed for filing notices of appeal, F.R.A.P. 4(a), plaintiffs' notice of appeal was marked "lodged" rather than "filed." Thereafter, on February 4, 1977, plaintiffs filed a motion for an extension of time for filing their notice of appeal, alleging excusable neglect. On February 8, 1977, following a hearing, the district court denied the motion. Plaintiffs now appeal from that denial, contending that the district court abused its discretion in finding no excusable neglect.[1]

Plaintiffs' claim of excusable neglect was premised on the following allegations:

A. That Plaintiffs' attorney was out of town until January 13, 1977.

B. That the Plaintiffs' contact with the class member leader was attempted on numerous occasions by phone and was unsuccessful because he was out of town or on various work shifts and unavailable by phone.

C. That a letter was sent by Plaintiffs' attorney to the class member leader to set up a conference.

D. That other class members had to be reached by the class member leader in order to hold said conference.

E. That the members of the large class had to converge and obtain a necessary retainer.

F. That the class was so numerous as to make necessary appeal arrangements difficult.

G. That said appeal was prepared timely and placed in the office bin to be mailed timely; that said appeal was mailed Monday instead of Friday, one day late.

In general, excusable neglect may be found where a party has failed to learn of an entry of judgment, or in extraordinary cases where injustice would otherwise result. *See Dugan v. Missouri Neon & Plastic Advertising Co.*, 472 F.2d 944 (8th Cir. 1973); *Winchell v. Lortscher*, 377 F.2d 247 (8th Cir. 1967). We cannot say that plaintiffs have made such a compelling showing of excusable neglect that the district court's finding to the contrary was an abuse of its discretion. We note that plaintiffs have been represented by co-counsel throughout this litigation, and that only one of its attorneys was alleged to have been out of town until January 13. We note further that within the initial 30 day period for filing appeals, plaintiffs could have sought an extension of time *ex parte*. F.R.A.P. 4(a). Finally, even if plaintiffs' notice of appeal had been mailed on Friday, January

---

1. The time for filing a notice of appeal may be extended an additional 30 days upon a showing of excusable neglect; however, only the district courts are empowered to grant such an extension. F.R.A.P. 4(a). Our inquiry, therefore, is limited to whether the district court abused its discretion in refusing to find excusable neglect. *See, e. g., Buckley v. United States*, 382 F.2d 611 (10th Cir. 1967); 9 Moore's Federal Practice ¶ 204.13[4] (1975).

28, rather than Monday, January 31, it would still have been untimely.

The district court's denial of plaintiffs' motion for an extension of time is affirmed.