UNITED STATES of America, Plaintiff,

v.

MING SEN SHIUE, Defendant.

No. Cr. 3–80–72.

United States District Court,
D. Minnesota.

Jan. 19, 1981.

The issue shaped by briefs and argument of counsel is whether defendant's attorney has shown "excusable neglect" under Federal Appellate Rule 4(b) for his failure to timely file a notice of appeal within the required 10 day period so as to vest jurisdiction of the appeal in the Court of Appeals.

Defendant's counsel states that the notice of appeal was mailed in time to reach the clerk's office in the normal course and that the fact of timely mailing should control. He also argues that he erred in computing the ten day appeal period.

■ It is clear from the record that the notice of appeal was not filed within the 10 day period required by Fed.R.App.P. 4(b) since the judgment of conviction and the order denying motions for judgment of acquittal or a new trial were both filed in the criminal docket on October 29, 1980 (Clerk's entry # 57 and # 56) and the notice of appeal was not filed until November 12, 1980 (Clerk's entry # 60). Rule 4(b) provides that "[a] judgment or order is entered within the meaning of this subdivision when it is entered in the criminal docket."

Defendant's counsel argues that the mail service was unusually slow and hence the claimed late arrival of his notice at the clerk's office. He urges that the date of mailing should control. However, the rule does not measure the ten day period by the mailing of the notice but by the filing in the district court. It provides that

" * * * the notice of appeal by a defendant *shall be filed in the district court* within 10 days after the entry of the judgment."

(emphasis added)

■ Mail delay was urged as "excusable neglect" for late filing under Fed.App. Rule 4(a) in *Airline Pilots v. Executive Airlines*, 569 F.2d 1174 (1st Cir. 1978) but the Court of Appeals, rejecting that argument, said "the issue here is date of filing of the notice, not progress of the mails" and summarily reversed the district court's order permitting the late filing and dismissed the appeal. Indeed, acceptance of defendant's argument would be tantamount to judicial-

Thomas K. Berg, U. S. Atty., and Thorwald H. Anderson, Asst. U. S. Atty., Minneapolis, Minn., for plaintiff.

Ronald I. Meshbesher, Kenneth Meshbesher, Meshbesher, Singer & Spence, Minneapolis, Minn., for defendant.

## MEMORANDUM & ORDER

DEVITT, Chief Judge.

The Court of Appeals has remanded this case to the district court "to consider entry of an order extending the time to appeal" for thirty days, nunc pro tunc.

**462**

ly amending Rule 4(b) by inserting "mailing to the district court" in place of the language emphasized above.[1]

 Defendant's counsel also suggests that he mistakenly thought that the court did not deny the motions for judgment of acquittal or new trial in writing, until November 3, 1980 and hence he thought that he had more time within which to file the notice of appeal. However, the record reflects that each counsel was furnished a copy of the written order denying the motions in open court on October 29 before sentencing, and that the clerk was directed to file the order at that time. The order was filed that day as reflected in Clerk's entry # 56. The law is clear that mistakes by counsel or their staffs as to the time when an appeal must be filed are not "excusable neglect." *Airline Pilots v. Executive Airlines*, 569 F.2d 1174, 1175 (1st Cir. 1978). The First Circuit has said that "if a mere palpable mistake by experienced counsel" would excuse a late filing, the term "excusable neglect" would be meaningless. *Spound v. Mohasco Industries, Inc.*, 534 F.2d 404, 411 (1st Cir. 1976). Our own Circuit Court of Appeals held in *Benoist v. Brotherhood of Locomotive Engineers*, 555 F.2d 671 (8th Cir. 1977), that the district court permissibly found no "excusable neglect" where the notice of appeal was placed in the attorney's office bin to be mailed timely but was filed four days late. Similarly, the Tenth Circuit Court of Appeals, in a criminal case factually similar to this one, held that the fact that counsel was busy in his law practice and mistakenly thought the clerk would mail a notice of entry of judgment was not "excusable neglect" under Appellate Rule 4(b). *Buckley v. United States*, 382 F.2d 611 (10th Cir. 1967).

 Notwithstanding these holdings, it seems impractical and unwise, in this case, not to extend the time to appeal *nunc pro tunc*. The transcript has already been prepared and filed. Counsel who tried the case

and know the issues well are preparing their briefs. Defendant could probably at some time obtain review of the alleged errors in his trial by writ of *coram nobis* under the All Writs Act, 28 U.S.C. § 1651, *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954) or under 28 U.S.C. § 2255. But it would better serve the efficient administration of justice to afford that review now, on direct appeal, when the issues are fresh and knowledgeable counsel are prepared to present them.

The time for appeal is extended, *nunc pro tunc*, for 30 days from October 29, 1980.

---

1. It is noteworthy that the Rules of Appellate Procedure similarly provide that "filing shall not be timely unless the papers are *received* by the clerk within the time fixed for filing." *See* Appellate Rule 25(a).