In re Vernon C. SCHMIDT, a/k/a Vernon Schmidt, a/k/a Vern Schmidt, a/k/a Vern Schmidt Construction, a/k/a Schmidt Construction, a/k/a Vernon Schmidt Construction, a/k/a Schmidt & Smith Carpets, Debtor.

James F. PFAU, Trustee of Vernon C. Schmidt, a/k/a Vern Schmidt, a/k/a Vern Schmidt Construction, a/k/a Schmidt Construction, a/k/a Vernon Schmidt Construction, a/k/a Schmidt & Smith Carpets, Plaintiff,

v.

Merlyn SCHMIDT, Defendant.

Bankruptcy No. 3–80–0758.
Adv. No. 82–0220.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Nov. 2, 1983.

Robert Rice, Pipestone, Minn., for plaintiff.

## ORDER

JOHN J. CONNELLY, Bankruptcy Judge.

This matter came before the Court on the Trustee's motion for an extension of time for filing a notice of appeal. The Court had entered an order on August 30, 1983. On September 12, 1983 the plaintiff filed a notice of appeal relating to that order.

Plaintiff then filed, on September 26, 1983, a motion for an extension of time to file the notice of appeal.

At the hearing on the motion, Robert Rice, Esquire, appeared on behalf of the Plaintiff. The Defendant's attorney did not appear personally to oppose the motion but had submitted a letter and affidavit in opposition.

Bankruptcy Rule 8002(a) clearly states: "[t]he notice of appeal shall be filed with the clerk of the bankruptcy court within 10 days of the date of the entry of the judgment, order, or decree appealed from." It is undisputed that the notice of appeal was not filed within the requisite ten days.

Bankruptcy Rule 8002(c) governs the granting of extensions of time for appeal. That section provides: "[a] request to extend the time for filing a notice of appeal has expired, except that a request made no more than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect...." It is undisputed that the request for an extension of time to file an appeal was not made before the expiration of the time for filing the notice of appeal. It was, therefore, incumbent upon the Plaintiff to demonstrate "excusable neglect".

Plaintiff's counsel stated that the notice of appeal was mailed in time to reach the clerk's office in the normal course and that the fact of timely mailing should control. Plaintiff's attorney stated that he prepared the notice of appeal and placed it in the mail at Pipestone, Minnesota on September 8, 1983 and expected it to be filed with the clerk's office on September 9, 1983. Plaintiff's counsel argues that the mail service was unusually slow and hence the late arrival of his notice at the clerk's office.

In general, excusable neglect may be found where a party has failed to learn of an entry of judgment, or in extraordinary cases where injustice would otherwise result. See *Benoist v. Brotherhood of Locomotive Engineers,* 555 F.2d 671 (8th Cir. 1977); *Dugan v. Missouri Neon & Plastic*

*Advertising Co.,* 472 F.2d 944 (8th Cir.1973); and *Winchell v. Lortscher,* 377 F.2d 247 (8th Cir.1967). In the present case, there is no question the Plaintiff learned of the judgment. This is also not an extraordinary case where injustice will result. Plaintiff has fully argued, both orally and in memoranda, its position on the underlying case.

■ Mail delay was urged as the basis for an excusable neglect claim in *U.S. v. Ming Sen Shiue,* 508 F.Supp. 460 (Mn.1981) and in *Airline Pilots v. Executive Airlines,* 569 F.2d 1174 (1st Cir.1978) for late filing of an appeal under Fed.App.Rule 4(a). The District Court in *Ming Sen Shiue* adopted the finding in Airline Pilots which rejected the mail delay argument, stating: "the issue here is the date of filing of the notice, not progress of the mails." The District Court went on to say that acceptance of the mail delay argument would be tantamount to judicially amending the appeal rule by inserting "mailing to" for "received by the clerk." Mail delay was also argued to be excusable neglect in *Goff v. Pfau,* 418 F.2d 649 (8th Cir., 1969), cert. denied, 398 U.S. 931, 90 S.Ct. 1830, 26 L.Ed.2d 97, reh. denied, 399 U.S. 917, 90 S.Ct. 2212, 26 L.Ed.2d 577 (1969). The Court of Appeals in *Goff* held that the appeal must be filed within ten days after entry of the order and the fact that the order is served by mail does not entitle the parties to any additional time. In light of these cases, this Court finds that the alleged mail delay is not excusable neglect.

THEREFORE, IT IS ORDERED that Plaintiff's motion for extension of time be and the same is hereby denied.