**In re C.M. WINBURN, Sr. and Helen Winburn, Debtors.**

**FIRST CITIZENS BANK & TRUST COMPANY, Plaintiff,**

v.

**C.M. WINBURN, Sr., Defendant.**

Bankruptcy No. 85–00911.
Adv./Complaint No. 85–0276.

United States Bankruptcy Court,
D. South Carolina.

Jan. 29, 1986.

Reid B. Smith, Smith & Watkins, Columbia, S.C., for plaintiff.

Angela L. Henry, McKay, McKay & Henry, Columbia, S.C., for defendant.

## ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

This is an adversary proceeding brought by First Citizens Bank & Trust Company (the Bank), objecting to the dischargeability of a debt owed to it by C. M. Winburn, Sr. (Defendant).

## FACTS

Defendant filed a Petition on May 13, 1985 under Chapter 13 of the United States Bankruptcy Code (11 U.S.C. § 101 *et seq.*). The case was converted to a Chapter 7 case on June 7, 1985. A meeting of creditors was set for August 9, 1985. October 9, 1985 was fixed as the last day for filing a Complaint to determine the dischargeability of any debt pursuant to 11 U.S.C. § 523(c) and as the last day for the filing of objections to the discharge of the debtor pursuant to 11 U.S.C. § 727. Plaintiff filed this action objecting to the dischargeability of its debt six (6) days after October 9, 1985, the last day for filing objections to discharge.

Plaintiff argues that it should be allowed to file late because the notices setting the last day for filing a complaint objecting to the dischargeability of the debt were sent by mail, thus extending the deadline an additional three days pursuant to Bankruptcy Rule 9006(f). In support of its contention, the Bank points out that if so extended, the third day was a Saturday and the following Monday was Columbus Day, a legal holiday. The Bank says that Tuesday, October 15, was the last day for filing pursuant to Bankruptcy Rule 9006(a).

## DISCUSSION

Bankruptcy Rule 4004(a) provides:

In a Chapter 7 liquidation case a Complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than sixty days following the first date set for the meeting of creditors held pursuant to § 341(a).

Sixty days from the date of the first meeting of creditors, August 9, 1985, was October 9, 1985. This is the date set as the last day on which to file a complaint objecting to debtor's discharge. October 9, 1985 was a Wednesday and was not a legal holiday.

Plaintiff contends that it should be allowed an additional six (6) days within which to file its objections under subsections (f) and (a) of Bankruptcy Rule 9006.

Bankruptcy Rule 9006(f) provides:

When there is a right or requirement to do some act or undertake some proceedings within a prescribed period after service of a notice or other paper and the notice or paper other than process is served by mail, three days shall be added to the prescribed period.

This rule does not apply here. In *In re Whitten*, 49 B.R. 220 (Bankruptcy N.D.Ala. 1985), a similar argument was advanced but rejected by the Court:

The rule refers to the right to do an act "within a prescribed period after service of a notice," when the notice is served by mail. The filing of a proof of claim is not within a prescribed period "after service of a notice." The filing of a proof of claim is an act within a prescribed period of "90 days after the first date set for the meeting of creditors." It is the date first set for the meeting of

creditors which triggers the running of the time for the filing of the proofs of claim—not the mailing of the notice by the clerk of the court.

*Whitten* at 222.

This Court has previously applied Bankruptcy Rule 9006(f) in this manner, (*In re John G. Wellman*, 74 B.R. 91, (Bkrtcy. D.S.C.1985), and reaffirms that application today.

Since Bankruptcy Rule 9006(f) is not effective here in extending the time for filing beyond August 9, Bankruptcy Rule 9006(a) is of no avail to the Bank because October 9, 1985 was neither a "legal holiday" nor a Saturday or Sunday. The formula for the computation of the sixty-day period mandates that the last day to file be October 9, 1985. Bankruptcy Rule 9006(a).

Inasmuch as the Bank filed its complaint objecting to the discharge of the defendant six (6) days after the last day set by order of this court, the adversary proceeding should be dismissed.

AND IT IS SO ORDERED.