**In re Robert Eugene DUNCAN, Debtor.**

**CENTRUST SAVINGS BANK, Plaintiff,**

v.

**Robert Eugene DUNCAN, Defendant.**

Bankruptcy No. 87–2192–BKC–6P7.
Adv. No. 87–338.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

May 31, 1988.

Terry L. McCollough, Orlando, Fla., for plaintiff.

Stephen D. Milbrath, Orlando, Fla., for defendant.

## MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding came to be heard upon the defendant's motion to dismiss with prejudice the complaint filed by plaintiff, Centrust Savings Bank (the "Bank"). The complaint filed by the Bank seeks a determination that a sum of over $1.6 million be declared a nondischargeable debt under § 523(a)(2)(A) and § 523(a)(2)(B). The matter for resolution here is whether the complaint, filed sixty-two days after the § 341(a) first meeting of creditors and one day after the date fixed as the deadline by the court for the filing of § 523(c) complaints, was timely.

The relevant facts for the resolution of this matter are undisputed. The debtor filed a petition under Chapter 7 of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*) on August 28, 1987. The Bank was disclosed as a creditor in the debtor's schedules and is charged with notice of all proceedings material to this action. Moreover, the Bank here received actual notice of the deadline for filing § 523(c) complaints, which deadline was set by order of this court as December 7, 1987, pursuant to Bankruptcy Rule 4007(c). The Bank filed its complaint to declare a debt nondischargeable under § 523(a)(2)(A) and § 523(a)(2)(B) on December 8, 1987, one day after the deadline set by court order and sixty-two days after the § 341(a) first meeting of creditors. This Court granted debtor's discharge on December 21, 1987.

The time for filing a § 523(c) complaint to determine dischargeability is governed exclusively by Bankruptcy Rule 4007(c) which requires that "[a] complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)." The court cannot extend the deadline for filing except as Bankruptcy Rule 4007 permits. Bankrupt-

cy Rule 9006(b)(3); *In re Rose,* 83 B.R. 67 (Bkrptcy.M.D.Fla.1988). Pursuant to Bankruptcy Rule 4007(c) there must be cause to extend the time for filing and the motion to extend must be filed prior to the filing deadline. *In re Alton,* 64 B.R. 221 (Bkrptcy.M.D.Fla.1986) (Paskay, J.) *aff'd,* 837 F.2d 457 (11th Cir.1988). The Bank did not move for an extension either before or after the filing deadline, nor did it offer any explanation for its failure to timely file its objections to dischargeability. The Advisory Committee Notes to Bankruptcy Rule 4007(c) emphasize that the rule imposes a clear and unequivocal deadline: "If a complaint is not timely filed, the debt is discharged." The Bank's complaint, filed more than sixty days after the § 341(a) meeting and one day after the deadline set by the court, was, therefore, untimely.

The Bank contends that its filing was not tardy because the notice fixing the filing deadline was served by mail and under Bankruptcy Rule 9006(f) an additional three days are allowed for the doing of some act or undertaking of some proceedings within a prescribed period after service of notice and where the notice is served by mail. The Bank argues that the deadline for filing a § 523(c) complaint, as extended under Bankruptcy Rule 9006(f), would be either December 9, 1987, sixty-three days after the first meeting of creditors, or December 10, three days after the deadline fixed by the court's order. The Bank's contentions are without merit. As explained by the Court in *In re Winburn,* 72 B.R. 167 (Bkrptcy.D.S.C.1986), Bankruptcy Rule 9006(f) is not applicable under these circumstances. The plaintiff in *Winburn* filed an adversary action to object to the discharge of a debt under § 727(a) sixty-six days after the § 341(a) meeting of creditors. Plaintiff there argued that Bankruptcy Rule 9006(f) operated to extend the deadline three days and, as extended, the deadline fell on a Saturday. The plaintiff further contended that it was entitled to an additional three days to file the complaint because the Monday following the bar day, as extended, was a legal holiday. The Court dismissed the adversary proceeding and held that Bankruptcy

Rule 9006(f) is not effective in extending the filing date set by Bankruptcy Rule 4004(a) governing the discharge of a Chapter 7 case. *Id.,* at 168, citing *In re Whitten,* 49 B.R. 220 (Bkrptcy.N.D.Ala.1985).

Bankruptcy Rule 9006(f) specifically refers to the doing of some act in a prescribed period after service of a notice or other paper. The time period described in Bankruptcy Rule 4007(c) within which to file a complaint objecting to discharge is not triggered by the service of notice. *See In re Alton,* 64 B.R. at 223 (dicta) (failure to receive notice of deadline for filing complaint is not cause to allow tardy motion to extend deadline for filing where creditor had actual notice.) The rule specifically refers to filing complaints. Thus, the time period described under Rule 4007(c) is more akin to a statute of limitations or the time period in which to file a responsive pleading in that the date set for the § 341(a) creditors' meeting triggers the running of the time period and the person possessing the right to act is barred by the failure to act within the prescribed period. To hold otherwise here or in similar cases where the debtor has been discharged would inject uncertainty and confusion into the proceedings and is contrary to the policy of providing finality in bankruptcy proceedings.

The Bank relies on this Court's unpublished decision in *In re Gates,* Case Number 87–857–BKC–6P7, October 13, 1987. That case dealt with a motion for an extension of time in which to file complaints under §§ 523(c) and 727(a). Although the Court denied plaintiff's motion for an extension in *Gates* because the plaintiff failed to show good cause for granting an extension, the Court did find that Bankruptcy Rule 9006(f) extended the deadline for filing the motion for extension for three days after the deadline fixed by Bankruptcy Rules 4004 and 4007. It is undisputed that the Bank did not rely on the *Gates* decision here and was not thereby prejudiced. To the extent that this Court's prior ruling in *Gates* and any other ruling is in conflict with the decision here, the Court recedes from those prior rulings.

Bankruptcy Rule 9006(f) does not rescue the Bank from the consequences of its failure to file a complaint prior to the deadline fixed by the Court pursuant to Bankruptcy Rule 4007(c).

The Court will enter a separate order in accordance with this Memorandum Opinion.

## ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

Upon Memorandum Opinion separately entered, the Court finds that the complaint seeking a determination of dischargeability was untimely filed. Accordingly, it is

ORDERED AND ADJUDGED as follows:

1. Defendant's Motion to Dismiss is GRANTED.

2. This adversary proceeding is dismissed with prejudice.