893 F.2d 1334
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Karen CHRISTY, Plaintiff-Appellant,
Michael Null, Attorney-Appellant,
v.
The CITY OF LANSING, Defendant-Appellee.
 Nos. 88-1868, 88-2003.
 United States Court of Appeals, Sixth Circuit.
 Jan. 17, 1990.
 
 W.D.Mich., 693 F.Supp. 558.
 AFFIRMED.
 On Appeal from the United States District Court for the Western District of Michigan, No. 88-00061, Bell, J.
 Before BOYCE F. MARTIN, NATHANIEL R. JONES and GUY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Karen Christy appeals the district court's denial of her motion under Rule 4(a)(5) of the Federal Rules of Appellate Procedure to permit late filing of her notice of appeal of the court's dismissal of her action challenging the constitutionality of the occupancy certificate provisions of the City of Lansing Building Code. Christy's attorney, Michael Null, appeals the district court's decision to assess attorney's fees sanctions under Rule 11 of the Federal Rules of Civil Procedure.
 
 
 2
 This is the most recent in a series of lawsuits and appeals arising out of Christy's desire to continue operating an adult store at 1933 North Larch Street, Lansing, Michigan. On May 16, 1983, Christy originally filed a 42 U.S.C. Section 1983 action against the City, requesting that the spatial zoning restrictions in the City's zoning ordinance violated her rights under the 1st and 14th Amendments. Christy also filed a motion for a preliminary injunction to restrain the City from enforcing the ordinance. Because the ordinance was amended, the district court dismissed the case as moot. This court upheld the decision of the district court.
 
 
 3
 On April 2, 1984, Christy filed a second action. That action was also brought under 42 U.S.C. Section 1983 and challenged the amended (and current) zoning ordinance as being unconstitutional under the 1st Amendment, and as being vague and overbroad. The district court upheld the zoning ordinance. This court again affirmed the decision of the district court.
 
 
 4
 In the meantime, Christy had separately appealed the refusal of the district court to grant her actual attorney fees in the Section 1983 action dismissed as moot. Once again, this court affirmed the decision of the district court, noting that Christy had failed to timely appeal the district court's order.
 
 
 5
 On August 6, 1987, the certificate of occupancy issued to Christy in 1983 was revoked by the City. On March 8, 1988, Christy filed this action in the same district court. Christy sought a declaration that the Certificate of Occupancy provisions of the Lansing Uniform Building Code were overbroad because they could be used, and allegedly were used, to censor or punish constitutionally protected speech without any of the substantive or procedural safeguards required of legislation which directly or indirectly regulates speech. Christy also sought both preliminary and permanent injunctive relief against enforcement of the occupancy code provisions against her.
 
 
 6
 After both parties briefed the preliminary injunction issues, on May 24, 1988, the district court heard the parties's arguments on those issues. At the conclusion of that hearing, the district court denied Christy's request for a preliminary injunction. The district court also held that Christy's claim was "lacking in merit, frivolous and an attack collaterally upon judgments or rulings in other lawsuits," and it dismissed this action.
 
 
 7
 On July 6, 1988, Christy moved in the district court, pursuant to Federal Rule of Appellate Procedure 4(a)(5), for leave to file late her notice of appeal seeking review of the district court's May 24 order dismissing this action. The district court denied Christy leave to file late her notice of appeal. Christy filed a timely notice of appeal from the July 12 denial on August 4, 1988.
 
 
 8
 On July 7, 1988, the City filed a motion seeking $5,592.50 in attorneys's fees sanctions under Rule 11 of the Federal Rules of Civil Procedure. On August 30, the district court entered an opinion and order granting to the City the entire amount it had requested as costs and attorneys's fees. The district court stated that the facts and law are so plain as to render unavoidable the conclusion that Christy's counsel either knew or should have known that Christy's complaint is frivolous. Without determining that Christy's counsel acted in bad faith, the court noted the prior history of lawsuits between the parties. The court stated that this history creates an inference that the present action, so obviously lacking in merit, may have been commenced for purposes of revenge or harassment.
 
 
 9
 The district court reviewed the bill of costs submitted by the City and found it to be reasonable. The court found that "the amount prayed for represents an appropriate sanction inasmuch as (1) these expenses were necessitated solely by this groundless lawsuit; and (2) the amount is commensurate with the purposes of punishing the instant wrong and deterring future abuse of the right of access to the courts." The district court imposed the sanction against Christy's counsel, Michael Null.
 
 
 10
 On appeal, Christy argues that the district court's denial of her motion for leave pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure to file her notice of appeal was inextricably intertwined with its erroneous conclusion that her constitutional challenge was frivolous, and therefore that denial must be reversed.
 
 
 11
 Rule 4(a)(5) of the Federal Rules of Appellate Procedure states that the district court may permit the late filing of a notice of appeal based upon "excusable neglect or good cause" if a request for such leave is made within 30 days from the expiration of the period during which a party must file a notice of appeal as of right. Thus, it is within the district court's discretion to allow or deny the late filing of a notice of appeal based upon whether the standard of "excusable neglect" has been met.
 
 
 12
 The inquiry on appeal is limited to the question of whether the district court abused its discretion in denying the extension. Benoist v. Brotherhood of Locomotive Engineers, 555 F.2d 671, 672 (8th Cir.1977). Christy stated that her counsel's secretary simply forgot to file her notice of appeal on the appropriate date. The district court held that this excuse did not meet the "excusable neglect" standard, and we agree. We find, therefore, that the district court did not abuse its discretion in denying Christy leave to file late her notice of appeal.
 
 
 13
 Christy's other argument is that its facial challenge to the occupancy permit provisions was fully warranted by existing law or by a good faith argument for the extension of existing law; and the district court, therefore, erred in determining that its challenge was sanctionably frivolous.
 
 
 14
 The test for the imposition of Rule 11 sanctions in this circuit is whether the individual's conduct is reasonable under the circumstances. INVST Financial Group v. Chem-Nuclear Systems, 815 F.2d 391, 401 (6th Cir.1987). A district court's decision regarding such sanctions is reviewed under an abuse of discretion standard because "of the district court's more intimate knowledge of the facts of these cases." Century Products, Inc. v. Sutter, 837 F.2d 866, 872 (6th Cir.1988). Given the facts of this case, especially the prior history of lawsuits between the parties, we cannot say that the district court abused its discretion in imposing Rule 11 sanctions against Christy's attorney, Mr. Null.
 
 
 15
 Accordingly, the judgment of the district court is affirmed.