GENERAL ELECTRIC COMPANY,
Plaintiff–Appellee,

v.

George W. LEHNEN, III; Stacey
Lehnen; John E. Ferguson; Judy
Ferguson, Defendants–Appellants.

No. 91–3410.

United States Court of Appeals,
Eighth Circuit.

Submitted June 12, 1992.

Decided Sept. 1, 1992.

James Condry, Springfield, Mo., argued
(John R. Lewis, on brief), for defendants-
appellants.

Judy O'Neill, Detroit, Mich., argued
(Kathleen McCree Lewis, Detroit, Mich.
and Thomas E. Rice, Jr., and James T.
Seigfreid, Jr., Kansas City, Mo.), for plain-
tiff-appellee.

Before JOHN R. GIBSON, Circuit Judge,
FLOYD R. GIBSON, Senior Circuit Judge,
and BEAM, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

George W. Lehnen III, Stacey Lehnen,
John E. Ferguson, and Judy Ferguson [1]
appeal from the district court's entry of
summary judgment on General Electric's
claim for breach of a guaranty contract.
The appellants argue that the district
court [2] erred in ordering summary judg-
ment against them because their failure to
respond to General Electric's summary
judgment motion resulted from mistake,
inadvertence, surprise, or excusable ne-
glect as defined in Fed.R.Civ.P. 60(b), and
because there are genuine issues of materi-

---

1. John E. Ferguson and Judy Ferguson filed for
Chapter 11 bankruptcy on June 3, 1992. On
June 19, 1992, the United States Bankruptcy
Court for the Western District of Missouri en-
tered an order granting relief from the automat-
ic stay provisions of 11 U.S.C. § 362 (1988). *In*

*re Ferguson,* No. 92–30318 (Bankr.W.D.Mo. June
19, 1992).

2. The Honorable Scott O. Wright, Senior Dis-
trict Judge for the United States District Court
for the Western District of Missouri.

al fact underlying General Electric's claim. We affirm the district court's order.

On September 6, 1990, General Electric sued the Lehnens and Fergusons pursuant to guaranties the two couples had signed. On December 20, 1990, General Electric served on appellants its first interrogatories and requests for production of documents and admissions. Appellants did not respond to these discovery requests within 30 days as required by Fed.R.Civ.P. 33(a), 34(b), and 36(a), although they did move for an extension of time on February 21, 1991.

On April 8, 1991, General Electric filed a summary judgment motion. Appellants did not respond to the motion, and the court granted summary judgment for General Electric on May 15, 1991. On May 24, 1991, appellants filed a motion to set aside the order on the basis of "excusable neglect." Fed.R.Civ.P. 60(b). Appellants' counsel explained that he had been recently appointed Prosecuting Attorney for Stone County, Missouri, and due to "increased obligations, responsibilities, and workload," he had not responded to the motion.

The district court denied the motion, holding that appellants had not shown "sufficient evidence of excusable neglect." *General Elec. Co. v. Lehnen*, No. 90–0821–CV–W–5, slip op. at 3, 1991 WL 378009 (W.D.Mo. June 13, 1991). The district court later denied appellants' motion for reconsideration, and the court entered judgment for General Electric on July 24, 1991. On August 5, 1991, appellants filed a motion for new trial or to vacate, alter, or amend judgment. The court denied this motion on September 26, 1991, and appellants filed a notice of appeal on October 22, 1991. The notice named the appellants as "George W. Lehnen, III, et al."

■ Before addressing the merits of this appeal, we must first consider our jurisdiction of this case. The notice of appeal identifies "George W. Lehnen, III, et al." in its caption, and identifies the parties to the appeal as "Defendants" in the body of the notice. This defect deprives this court of jurisdiction over the persons not named in the notice of appeal. Fed.R.App.P. 3(c); *Torres v. Oakland Scavenger Co.*, 487 U.S.

312, 318, 108 S.Ct. 2405, 2409, 101 L.Ed.2d 285 (1988) (the phrase "et al." fails to provide notice as required by Rule 3(c)). Thus, there is no appeal before us with respect to the judgment against Stacey Lehnen, John E. Ferguson, and Judy Ferguson.

George Lehnen, III, is the only appellant before us. He contends that the district court erred in refusing to set aside its ruling based on mistake, inadvertence, surprise, or excusable neglect under Rule 60(b).

■ Relief under Rule 60(b) is to be granted only in exceptional cases. *Horace v. St. Louis S.R.R.*, 489 F.2d 632, 633 (8th Cir.1974). We will not reverse the denial of a Rule 60(b) motion unless the district court abused its discretion. *Hoover v. Valley West D M*, 823 F.2d 227, 230 (8th Cir. 1987). Appellant argues that his attorney failed to respond to General Electric's summary judgment motion because General Electric improperly served its first amended complaint and without service of the amended complaint, defense counsel had "no idea" which complaint to address in response to the motion for summary judgment. He states that the court's scheduling order led his attorney to believe that he had additional time to respond to the discovery requests and summary judgment motion. Appellant further argues that his attorney's increased job responsibilities amounted to excusable neglect, and the circumstances of this case are similar to those in *Hoover*, in which the district court relieved a party from final judgment under Fed.R.Civ.P. 60(b)(1). 823 F.2d at 230.

We are not persuaded by appellant's argument. First, the only difference between the original and first amended complaint is the prayer for relief. The original complaint sought $574,862.69. The amended complaint reduced this amount to $365,913.11. Further, appellant's counsel conceded that he received a copy of the first amended complaint. Second, the circumstances of this case differ from those in *Hoover*. In that case, the attorney did not know of the litigation until default judgment had been entered, and her client alleged several meritorious defenses. 823

F.2d at 230. Here, appellant argues that General Electric released him from his obligations under the guaranty by an oral agreement as a result of loan restructuring. The express language of the guaranty, however, requires a written release and provides that the guarantors are bound under the guaranty notwithstanding "any ... modification of any obligation." For these reasons, we cannot conclude that the district court abused its discretion in refusing to grant appellant's 60(b) motion.

We affirm the judgment of the district court.