38 F.3d 1215
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Thelma M. BAILEY, Plaintiff-Appellant,
v.
SAINT AMBROSE ACADEMY, Defendant-Appellee.
 No. 94-1031.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1994.
 
 Before: MILBURN, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Thelma M. Bailey filed a Title VII civil rights action alleging that St. Ambrose Academy terminated her employment as a teacher because of her race and sex. Summary judgment was granted to St. Ambrose Academy by judgment entered February 10, 1993, and Bailey appealed on April 15, 1993 (appeal No. 93-1569). She also filed on April 30, 1993, a motion for extension of time for filing the notice of appeal. This court dismissed appeal No. 93-1569 for lack of jurisdiction on the basis of a late notice of appeal. The district court by order entered December 9, 1993, denied the motion for extension of time, and appellant timely appealed (appeal No. 94-1031).
 
 
 3
 In the first paragraph of her appellate brief, Bailey admits that there were delays in the case. However, the remainder of the brief addresses the merits of the complaint.
 
 
 4
 Counsel for the appellee filed a motion to dismiss the appeal for lack of jurisdiction on the basis that the appeal was untimely filed. Counsel states that the motion for extension of time was filed ex parte and that this court in its decision entered in appeal No. 93-1569 already determined that the district court lacked authority to grant the motion for extension of time.
 
 
 5
 An order denying a motion for extension of time for filing a notice of appeal is appealable. Vogelsang v. Patterson Dental Co., 904 F.2d 427, 431 (8th Cir.1990); Diamond v. United States Dist. Court, 661 F.2d 1198, 1198 (9th Cir.1981) (order); Benoist v. Brotherhood of Locomotive Eng'rs, 555 F.2d 671, 672 n. 1 (8th Cir.1977) (per curiam). Because such an order is appealable and the notice of appeal from such order was filed within the appeal period, the motion to dismiss on the basis of lack of jurisdiction is denied.
 
 
 6
 The issue before this court is whether the district court abused its discretion in denying the motion for extension of time. See Vogelsang, 904 F.2d at 431; Benoist, 555 F.2d at 672. The merits of the complaint and the district court's grant of summary judgment were the subject of appeal No. 93-1569 which was previously dismissed by this court for lack of jurisdiction.
 
 
 7
 The district court did not abuse its discretion in denying the extension of time. In fact, it had no authority to grant an extension because such motion was filed on April 30, 1993, which was outside the extension period provided by Fed.R.App.P. 4(a)(5) and 4(a)(6). The decision was entered February 10, 1993, and the appeal period expired on March 12, 1993. See Fed.R.App.P. 4(a). A Fed.R.App.P. 4(a)(5) motion for extension of time is required to be filed within 30 days after the expiration of the appeal period. In the instant appeal, the time for filing a motion for extension of time pursuant to Rule 4(a)(5) expired on April 12, 1993. The April 30, 1993, motion was, therefore, untimely.
 
 
 8
 A Fed.R.App.P. 4(a)(6) motion for extension of time is permitted to be filed when a party fails to receive notice of the judgment within 21 days of its entry. Appellant, in her April 30, 1993, motion for extension of time, asserted that she did not receive a copy of the judgment entered February 10, 1993, until April 3, 1993, which was more than the requisite 21 day delay. However, any motion for extension of time pursuant to Rule 4(a)(6) is required to be filed "within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier." Appellant's Rule 4(a)(6) motion for extension of time was required to be filed on or before Monday, April 12, 1993, but it was not filed until April 30, 1993. See Fed.R.App.P. 26(a). Therefore, the motion for extension of time was filed outside the extension period provided by Fed.R.App.P. 4(a)(5) and 4(a)(6). As stated in this court's August 18, 1993, order in appeal No. 93-1569, even though the notice of appeal alleged excusable neglect or good cause, it was not filed until April 15 which was also outside the period for filing a motion for extension of time. Accordingly, the district court was without authority to grant an extension of time and did not abuse its discretion in denying the motion for extension of time.
 
 
 9
 Accordingly, the motion to dismiss is denied, and the order entered by the district court on December 12, 1993, denying an extension of time is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.