999 F.2d 1257
 26 Fed.R.Serv.3d 576
 METROPOLITAN FEDERAL BANK OF IOWA, F.S.B., Plaintiff-Appellant,
Metropolitan Federal Bank of Minnesota, F.S.B.;
Metropolitan Federal Bank, F.S.B., Plaintiffs,
v.
W.R. GRACE & CO.; W.R. Grace & Co.--Conn., Defendants-Appellees,
United States Gypsum Corporation, Defendant.
METROPOLITAN FEDERAL BANK OF IOWA, F.S.B., Plaintiff-Appellee,
Metropolitan Federal Bank of Minnesota, F.S.B., Plaintiff-Appellee,
Metropolitan Federal Bank, F.S.B., Plaintiff,
v.
W.R. GRACE & CO.; W.R. Grace & Co.--Conn., Defendants-Appellants,
United States Gypsum Corporation, Defendant.
METROPOLITAN FEDERAL BANK OF IOWA, Plaintiff,
Metropolitan Federal Bank of Minnesota, Plaintiff-Appellant,
Metropolitan Federal Bank, Plaintiff,
v.
W.R. GRACE & CO.; W.R. Grace & Co.--Conn., Defendants-Appellees,
United States Gypsum Corporation, Defendant.
METROPOLITAN FEDERAL BANK OF IOWA, F.S.B., Plaintiff,
Metropolitan Federal Bank of Minnesota, F.S.B., Plaintiff-Appellee,
Metropolitan Federal Bank, F.S.B., Plaintiff,
v.
W.R. GRACE & CO.; W.R. Grace & Co.--Conn., Defendants-Appellants,
United States Gypsum Corporation, Defendant.
 Nos. 92-1769, 92-1807, 92-2181, 92-2329.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 19, 1993.
Decided July 27, 1993.
Rehearing Denied Sept. 8, 1993.
 
 Daniel A. Speights, Hampton, SC, argued (Steven C. Lian, Minot, ND, and Jon M. Arntson, Fargo, ND, on brief), for appellant.
 Kell M. Damsgaard, Philadelphia, PA, argued (Dennis J. Valenza of Philadelphia, PA, and Sandra Wallace Napolitano, Thomas B. Caswell, and Brooks F. Poley, Minneapolis, MN, on brief), for appellee, U.S. Gypsum.
 Allen W. Hinderaker, Minneapolis, MN, argued (Hugh V. Plunkett, III, and Keith J. Halleland, on brief), for appellee, W.R. Grace & Co.
 Before BOWMAN, WOLLMAN, and HANSEN, Circuit Judges.
 BOWMAN, Circuit Judge.
 
 
 1
 Metropolitan Federal Bank of Minnesota appeals the decision of the District Court[1] to grant summary judgment to W.R. Grace & Company and W.R. Grace & Company--Connecticut[2] (collectively W.R. Grace) on Metropolitan's claims for recovery of asbestos abatement costs. W.R. Grace cross-appeals, challenging the District Court's decision to extend the time to file the notice of appeal and the decision to grant Metropolitan's motion for voluntary dismissal of the claims related to buildings located in states other than Minnesota. We affirm.
 
 
 2
 We first address W.R. Grace's contention that we should dismiss this appeal for lack of jurisdiction. The District Court granted summary judgment in favor of W.R. Grace on February 28, 1992. 793 F.Supp. 205. On March 27, 1992, Metropolitan filed a notice of appeal for "Metropolitan Federal Bank of Iowa, et al." On April 14, 1992, the erroneous party name having been brought to Metropolitan's attention by the Clerk of this Court on April 8, Metropolitan filed an amended notice of appeal correctly naming Metropolitan Federal Bank of Minnesota as appellant, together with a motion for extension of time to file a notice of appeal. Metropolitan's motion was made pursuant to Federal Rule of Appellate Procedure 4(a)(5), which reads in part: "The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time" for filing a notice of appeal. Because this motion was filed after the original thirty days time for notice of appeal had passed, Metropolitan was required to show excusable neglect rather than mere good cause. See Bartunek v. Bubak, 941 F.2d 726, 728 (8th Cir.1991). The District Court found "that any error in the original Notice was the result of excusable neglect," and granted the motion. Order of May 8, 1992.
 
 
 3
 The decision whether to grant such a motion is entrusted to the district court by rule, and we will reverse only if we conclude the district court abused its discretion in finding excusable neglect. See Vogelsang v. Patterson Dental Co., 904 F.2d 427, 431 (8th Cir.1990).
 
 
 4
 W.R. Grace first argues that the misnomer because of clerical error rendered the first notice of appeal out of compliance with Federal Rule of Appellate Procedure 3(c), and therefore the need for an extension of time to file a notice of appeal could not be the result of excusable neglect. W.R. Grace relies on a Supreme Court opinion as support for this proposed per se rule. In Torres v. Oakland Scavenger Co., 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), the Court affirmed final dismissal of Torres's claim because of his failure to timely appeal. Torres's name was omitted from the list of appellants because of a clerical error, but at no time did Torres file a motion pursuant to Federal Rule of Appellate Procedure 4(a)(5) to amend the notice. Thus the Court never reached the question of whether that error was excusable neglect, and so Torres does not set forth, as W.R. Grace suggests, a per se rule that noncompliance with Rule 3(c) as a result of clerical error can never be excusable neglect.
 
 
 5
 Ordinarily, excusable neglect under Rule 4(a)(5) is found, and an extension of time to file a notice of appeal is appropriate, when the appealing party has not learned of the entry of judgment in a timely manner. Benoist v. Brotherhood of Locomotive Eng'rs, 555 F.2d 671, 672 (8th Cir.1977) (per curiam). But a finding of excusable neglect is not limited to that situation. "[T]he District Court does have the power to grant extensions in extraordinary cases so that injustice may be avoided." Dugan v. Missouri Neon & Plastic Advertising Co., 472 F.2d 944, 948 (8th Cir.1973).
 
 
 6
 Although we think the excusable nature of the neglect here is arguable, we cannot conclude that it was an abuse of the trial court's power to find excusable neglect. Clearly, filing the notice of appeal with the wrong name was an oversight, but we do not think it a "palpable oversight" that requires us to reverse the District Court's decision. Vogelsang, 904 F.2d at 431. "Metropolitan Federal Bank of Iowa, et al." was the District Court case caption, even in the order granting summary judgment and dismissing all but the Minnesota claims. W.R. Grace used the same case name in its notice of cross-appeal, so it cannot now argue that the error was obvious.
 
 
 7
 We also believe it is significant that Metropolitan filed a timely notice within the first thirty days, albeit naming a party incorrectly. We are mindful that the filing of a notice of appeal that complies with Federal Rule of Appellate Procedure 3 is jurisdictional and that we cannot assume jurisdiction over an appeal improperly filed, regardless of the lack of prejudice to the party challenging the notice. See Manis v. Sterling, 862 F.2d 679, 680 (8th Cir.1988). Nevertheless, this is not a case where no notice--defective or otherwise--was lodged within the thirty days permitted for filing a notice of appeal. Because the problem here was not the result of inaction, or blatant disregard for or ignorance of the rules, we are less inclined to reach a decision that will result in the avoidable injustice of depriving Metropolitan of its day in this Court, its appeal on the merits. Although we think it is unlikely that we would have reversed a decision by the District Court that Metropolitan's neglect was not excusable, we cannot say that the District Court abused its discretion to decide such motions by granting the motion here.[3]
 
 
 8
 Finding that we have jurisdiction over this appeal, we proceed to address the issues Metropolitan has raised.
 
 
 9
 Metropolitan filed suit in the District Court under the court's diversity jurisdiction on June 29, 1990, seeking recovery of its costs for the abatement of asbestos-containing building materials found in some of its facilities. The facilities relevant to this issue on appeal were substantially completed by 1975 and acquired by Metropolitan in 1986 and 1988. The District Court applied the Minnesota statute of limitations and repose for actions arising out of the construction of improvements to real property to bar Metropolitan's cause of action. Minn.Stat. § 541.051 (1992). The court, applying the repose provision of Section 541.051, determined that Metropolitan's action was time-barred because it was started more than ten years after substantial completion of the buildings. Metropolitan, however, charges W.R. Grace with fraud and contends that the repose period should be tolled.
 
 
 10
 Section 541.051 bars actions started outside the statutory limits "[e]xcept where fraud is involved." Id. § 541.051(1)(a). "[I]f the defendant has by fraud prevented the plaintiff from discovering the defective and unsafe condition within [the repose period], the statute is tolled until the plaintiff could, by reasonable diligence, have discovered the defective condition." Wittmer v. Ruegemer, 419 N.W.2d 493, 497 (Minn.1988). We review the District Court's interpretation of state law de novo. Salve Regina College v. Russell, 499 U.S. 225, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991).
 
 
 11
 We reject W.R. Grace's suggestion, made without relevant supporting authority, that "fraud" here means something other than common law fraud, specifically, that the term means only fraudulent concealment. The statute does not provide a definition limiting the scope of "fraud" to fraudulent concealment. Nevertheless, we agree with W.R. Grace that the District Court did not err in determining that there were no genuine issues of material fact on the fraud question. See Fed.R.Civ.P. 56(c). Metropolitan does not contend that W.R. Grace made affirmative representations to Metropolitan. (Indeed, it is foreclosed from doing so as the parties had no dealings when the buildings at issue were constructed; Metropolitan acquired those buildings years later and does not claim W.R. Grace communicated anything that would toll the statute.) Instead, Metropolitan claims that "fraudulent nondisclosure" falls within the statutory meaning of "fraud," and that it presented sufficient evidence of such nondisclosure on the part of W.R. Grace to create a question of material fact and avoid summary judgment. The District Court held that Metropolitan had not come forward with any evidence of fraudulent concealment related to Metropolitan's Minnesota buildings, and that failure to disclose or mere silence is insufficient to toll the limitations period.
 
 
 12
 Under Minnesota law, nondisclosure will not constitute fraud unless there is "a suppression of facts which one party is under a legal or equitable obligation to communicate to the other, and which the other party is entitled to have communicated to him." Richfield Bank & Trust Co. v. Sjogren, 309 Minn. 362, 244 N.W.2d 648, 650 (1976). Only under "special circumstances" may there be a duty to disclose material facts: where some facts are disclosed, but they are incomplete and thus misleading; where one party "has special knowledge of material facts to which the other party does not have access"; or where there is a confidential or fiduciary relationship between the parties. Id. (citations to quoted cases omitted).
 
 
 13
 Metropolitan does not contend that W.R. Grace revealed some information and concealed other material facts; in fact, as noted supra, there was no communication concerning these buildings between the parties during the repose period. Further, Metropolitan alleges no fiduciary relationship with W.R. Grace. Finally, from the record before us, we discern no "special knowledge" on the part of W.R. Grace that it failed to disclose to Metropolitan as owner of the asbestos-containing buildings. There was no conceivable relationship between the parties regarding these buildings until 1986 and 1988, long after construction of the buildings was completed with the asbestos-containing materials incorporated therein. By that time, information Metropolitan alleges should have been disclosed was a matter of widespread public knowledge, and if Metropolitan did not have actual knowledge of the risks of asbestos exposure, then it should have known of those risks. We hold there were no "special circumstances" here in any alleged failure on the part of W.R. Grace to disclose information to Metropolitan that would constitute fraud and would entitle Metropolitan to the benefits of equitable tolling. Consequently, the District Court correctly held that under Minnesota law this action was time-barred.
 
 
 14
 Metropolitan contends, however, that its suit was begun within the time permitted by the Minnesota statute reviving or extending actions for recovery of asbestos abatement costs. Minn.Stat. § 541.22 (1992) (providing that a revived or extended asbestos abatement action otherwise barred "may be begun before July 1, 1990"). Metropolitan argues that it "began" its lawsuit on June 29, 1990, upon the filing of the complaint. W.R. Grace counters that the suit was not "begun" until it was "commenced," that is, until defendants were served, which was after July 1, 1990. See Minn.R.Civ.P. 3.01. We recently considered and rejected the same argument Metropolitan now advances in another asbestos abatement case with similar facts. Concordia College Corp. v. W.R. Grace & Co., 999 F.2d 326, 330-31 (8th Cir.1993). Based on our opinion in Concordia, we hold that the District Court correctly concluded that Metropolitan's action was not begun within the revival period created by section 541.22.
 
 
 15
 Turning to W.R. Grace's cross-appeal, we consider W.R. Grace's contention that the court erred in granting Metropolitan's motion made pursuant to Federal Rule of Civil Procedure 41(a)(2) to voluntarily dismiss from its suit the claims for its non-Minnesota buildings. That motion was not made until after W.R. Grace's motion for summary judgment, with its asserted statute of limitations and repose defenses, was filed. Further, by the time Metropolitan made its motion, another judge in the District of Minnesota had barred (in the Concordia case mentioned above) a similar action on statute of repose grounds. W.R. Grace claims, and Metropolitan does not deny, that Metropolitan sought dismissal of its non-Minnesota claims to avoid the res judicata effect of a decision adverse to Metropolitan on statute of repose or limitations grounds.
 
 
 16
 The District Court granted Metropolitan's Rule 41(a)(2) motion for dismissal of the non-Minnesota claims without prejudice, but with the condition that all discovery be available for use in any subsequent action concerning the dismissed properties. Further, the court ordered Metropolitan to reimburse W.R. Grace for the costs and fees W.R. Grace incurred for work done in defense of the non-Minnesota claims that would not be relevant in a subsequent action on those claims. W.R. Grace, however, claims legal prejudice in that, with respect to Metropolitan's non-Minnesota claims, W.R. Grace has lost the asserted res judicata effect that the dismissal of this action otherwise may have had.[4]
 
 
 17
 We may reverse a district court's decision on a Rule 41(a)(2) motion only if we find the court abused its discretion. Paulucci v. City of Duluth, 826 F.2d 780, 782-83 (8th Cir.1987). We find no abuse of the District Court's discretion.
 
 
 18
 W.R. Grace argues that its pending summary judgment motion should have barred voluntary dismissal here. While a pending motion for summary judgment is a factor the court may take into account when considering whether to grant a motion for voluntary dismissal, it is not by itself dispositive. See Paulucci, 826 F.2d at 783; see also Fed.R.Civ.P. 41(a)(1) (stating that voluntary dismissal as of right may be had before answer or motion for summary judgment has been served). We are satisfied that W.R. Grace's pending motion for summary judgment did not preclude a voluntary dismissal here. Cf. Kern v. TXO Prod. Corp., 738 F.2d 968 (8th Cir.1984) (affirming Rule 41(a)(2) dismissal of entire case even though plaintiff had presented four of five witnesses at trial, and trial judge had indicated in conference that a directed verdict for defendant should be expected).
 
 
 19
 W.R. Grace urges us to adopt a per se rule, i.e., a rule stating that the prejudice to the nonmoving party of losing a statute of limitations defense as the result of a Rule 41(a)(2) dismissal always bars such a dismissal. We do not disagree with this as an abstract proposition. Voluntary dismissal under Rule 41(a)(2) should not be granted if a party will be prejudiced by the dismissal, Garfield v. Kansas City S. Ry., 907 F.2d 841, 842 (8th Cir.1990) (per curiam), and there is clear legal prejudice where a Rule 41(a)(2) dismissal is granted in the face of a valid statute of limitations defense, Phillips v. Illinois Cent. Gulf R.R., 874 F.2d 984, 986-87 (5th Cir.1989). But see McCants v. Ford Motor Co., 781 F.2d 855, 859 (11th Cir.1986) ("the loss of a valid statute of limitations defense [does not] constitute a bar to a dismissal without prejudice"). To the extent the Eleventh Circuit would hold that the loss to the defendant of a proven, valid statute of limitations defense does not constitute legal prejudice that would bar voluntary dismissal, we respectfully disagree. We would consider it an abuse of discretion for a district court to find no legal prejudice, and thus to grant voluntary dismissal, where the nonmoving party has demonstrated a valid statute of limitations defense to the claims sought to be dismissed.
 
 
 20
 The problem with W.R. Grace's argument is that it has failed to show legal prejudice. There is no indication that W.R. Grace made any attempt to resolve the conflict of laws issue as to whether Metropolitan's claims concerning buildings located outside Minnesota's borders are governed by the statute of limitations of Minnesota rather than by the statute of limitations of the state where the buildings are located. See supra note 4. Without that determination, W.R. Grace could not demonstrate the validity of the Minnesota statute of limitations defense as to the non-Minnesota claims. Therefore, W.R. Grace failed to show that it was prejudiced by the loss of the Minnesota statute of limitations defense to the non-Minnesota claims, since under Minnesota's choice-of-law rules those claims may be governed by the statute of limitations of another state under which they may not be time-barred. In short, W.R. Grace did not even attempt to demonstrate to the District Court that the non-Minnesota claims were governed by the Minnesota statute of limitations or, if governed by the statute of limitations of some other state, were also time-barred under the latter. W.R. Grace thus did not even come close to making the requisite showing of prejudice.
 
 
 21
 The District Court therefore had broad discretion to grant or deny Metropolitan's motion and was free to consider the full range of factors relevant to the exercise of that discretion. We note that Metropolitan did not blatantly forum shop by filing suits simultaneously in multiple jurisdictions, as was the situation in a series of cases cited by W.R. Grace that did not even involve dismissal under Rule 41(a)(2). See, e.g., Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc., 870 F.2d 1044, 1046 (5th Cir.1989). Moreover, not all of Metropolitan's claims were dismissed. Metropolitan neither sought nor was granted dismissal of its claims regarding its Minnesota buildings; W.R. Grace has its summary judgment as to those claims. Further, the court's order taxing costs to Metropolitan and awarding attorney fees to W.R. Grace, and preserving completed discovery for any subsequent suit, eliminates prejudice in the form of wasted litigation expense from this partial dismissal. "That the defendant may face suit in another court is not 'prejudice,' since the disadvantage faced by the defendant may be satisfied by requiring the plaintiff to pay costs in the dismissed action." Garfield, 907 F.2d at 842. We hold that the District Court did not abuse its discretion in granting Metropolitan's motion for voluntary dismissal as to the non-Minnesota claims.
 
 
 22
 We have taken with the case Metropolitan's motion to strike portions of W.R. Grace's September 8, 1992, letter to this Court that purportedly was submitted pursuant to Federal Rule of Appellate Procedure 28(j). We grant the motion as we find that the letter does not comply with the limitations set forth in Rule 28(j).
 
 
 23
 The judgment of the District Court is affirmed.
 
 
 
 [1]
 The Honorable Donald D. Alsop, then Chief United States District Judge for the District of Minnesota, now Senior United States District Judge for the District of Minnesota
 
 
 [2]
 United States Gypsum Company was a defendant when this suit was filed. On April 29, 1993, we entered an order granting a joint motion for voluntary dismissal of United States Gypsum Company
 
 
 [3]
 Because of our holding, we do not consider Metropolitan's contention that the notice as originally filed complied with Federal Rule of Appellate Procedure 3 since all of the Metropolitan Federal Banks have merged and each now does business as "Metropolitan Federal Bank, f.s.b."
 
 
 [4]
 We do not imply by our holding that a choice of law analysis necessarily would have resulted in the application of the Minnesota statutes of limitations, repose, or revival to the non-Minnesota claims had those claims been adjudicated in the District Court. This issue is not before us and we express no opinion with respect to it