**Donald A. VOGELSANG, Appellant,**

v.

**PATTERSON DENTAL COMPANY, a Delaware corporation, PDA, Inc., a Minnesota corporation, Appellees.**

**No. 89–5424.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 12, 1990.

Decided May 29, 1990.

**428**

Steve G. Heikens, Minneapolis, Minn., for appellant.

R. Ann Huntrods, St. Paul, Minn., for appellees.

Before JOHN R. GIBSON, WOLLMAN and MAGILL, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Donald Vogelsang appeals from a district court[1] order denying his motion for an extension of time to file a notice of appeal. Following an adverse judgment on Vogelsang's age discrimination claim, Vogelsang's attorney deposited a notice of appeal in the mail. This notice was not received by the district court clerk within the thirty days required by Federal Rule of Appellate Procedure 4(a)(1). When the attorney learned that the notice had not been received, some fifty-six days after the adverse judgment was entered, he filed a motion with the court requesting an extension of time in which to file a notice of appeal. The district court determined that the mailing was insufficient to constitute a filing under the rule, that there was no excusable neglect justifying a late filing, and that there was insufficient evidence presented to establish that the notice was entitled to a presumption of delivery. Accordingly, the court denied the motion. We affirm the judgment of the district court.

The district court entered an order granting summary judgment for the defendants in Vogelsang's age discrimination suit on February 17, 1989. The order was mailed to the parties and Vogelsang's counsel received a copy on February 22, 1989. In an affidavit later filed with the district court, Vogelsang's counsel stated that on February 22, prior to departing on a trip, he drafted, signed, and dated a notice of appeal. He also stated that when he returned from his trip, March 13, six days before the notice of appeal was due, he discovered that the notice had not yet been filed. He then altered the date on the notice from February 22 to March 13, and deposited the notice in the United States mail. The clerk's office, however, did not receive the notice.

On April 14, Vogelsang's attorney realized that the clerk's office had not received the notice of appeal and therefore filed a motion requesting a time extension in which to file a notice of appeal. The district court, in a carefully researched opinion, ruled that a notice of appeal is filed when received by the clerk, not when deposited in the mail; that Vogelsang had failed to establish excusable neglect; and that, since Vogelsang's attorney had not

---

1. The Honorable Harry M. MacLaughlin, United States District Judge for the District of Minnesota.

proven that the notice was timely mailed, he was not entitled to a presumption that the notice had been delivered. *Vogelsang v. Patterson Dental Co.*, 716 F.Supp. 1215 (D.Minn.1989).

Under Rule 4(a)(1) and 28 U.S.C. § 2107 (1982), "a notice of appeal in a civil case must be filed within 30 days of entry of the judgment or order from which the appeal is taken." *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978). The purpose of this rule is

> to set a definite point of time when litigation shall be at an end, unless within that time the prescribed application has been made; and if it has not, to advise prospective appellees that they are freed of the appellant's demands. Any other construction of the statute would defeat its purpose.

*Id.* (quoting *Matton Steamboat Co. v. Murphy*, 319 U.S. 412, 415, 63 S.Ct. 1126, 1128, 87 L.Ed. 1483 (1943)). Moreover, it is well-established that this time limit is mandatory and jurisdictional, *id.*, and if notice is not filed in a timely fashion, an appellate court is without authority to exercise its jurisdiction. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 108 S.Ct. 1717, 1722, 100 L.Ed.2d 178 (1988).

## I.

Vogelsang first argues that the district court erred in finding that an affidavit stating that his attorney mailed the notice of appeal was insufficient to establish filing with the clerk of the district court under Rule 4(a)(1). We review this determination concerning Rule 4(a)(1) de novo. *West v. Keve*, 721 F.2d 91, 96 (3d Cir.1983) (Aldisert, J.). In essence, Vogelsang advocates a rule that notices of appeal are filed under Rule 4(a)(1) when placed in the mail. Under such a rule, a notice would be considered filed with the clerk of the district

court when it was mailed, if the attorney mailing the notice provided an affidavit establishing that the notice had been properly addressed, had proper postage, and had been sent within the proper time period.

To support this position, Vogelsang argues that the court erred by: (1) finding that Vogelsang's attorney had not offered sufficient proof of timely mailing to establish a presumption of delivery; (2) not applying the rationale behind Supreme Court Rule 28.2, which recognizes the affidavit of counsel as a factor for establishing delivery for filing, to Rule 4(a)(1);[2] (3) failing to take into account the extensive discovery, including subpoenaing and deposing court clerks and postal authorities, which would be necessary to prove receipt under the court's holding; and (4) not recognizing the importance of the fact that the defendants in Vogelsang's suit had notice that he intended to appeal. In essence, Vogelsang asks that we rewrite the plain language of the rules. We have carefully considered these arguments and have found them unpersuasive; we need not discuss them in detail.

We must consider, however, whether placing a notice of appeal in the mail is a filing that satisfies Rule 3(a) and Rule 4(a)(1) of the Federal Rules of Appellate Procedure. Both Rule 3(a) and Rule 4(a)(1) use essentially the same language for describing what constitutes filing. Rule 3(a) states that an appeal may be taken "by filing a notice of appeal with the clerk of the district court" and Rule 4(a)(1) states "notice of appeal required by Rule 3 [of the Federal Rules of Appellate Procedure] shall be filed with the clerk of the district court." Under Rule 25(a) of the Federal Rules of Appellate Procedure, "[f]iling may be accomplished by mail addressed to the clerk, *but filing shall not be timely unless the papers are received by the clerk within the time fixed for filing....*" Fed.R.

---

**2.** Supreme Court Rule 28.2 provides that a document "shall be deemed timely filed if it has been deposited in a United States post office or mailbox" with first-class postage affixed and properly addressed "within the time allowed for filing" if a notarized statement is filed setting forth the details of the mailing and the date.

Sup.Ct.R. 28.2. The short answer to Vogelsang's argument that the rationale behind this rule should be applied to this case is that the language clearly differs from Federal Rules of Appellate Procedure 3(a) and 4(a)(1) as well as Rule 25(a).

App.P. 25(a) (emphasis added). This general rule has one exception: "briefs and appendices shall be deemed filed on the day of mailing if the most expeditious form of delivery by mail, excepting special delivery, is utilized." *Id.* As a notice of appeal does not fit within the exception created by Rule 25(a), it is evident that the Federal Rules of Appellate Procedure do not equate simply placing a notice in the mail with the filing required by the rules.

■ The majority of circuits considering this question under Rule 4(a)(1) and Bankruptcy Rule 8002(a) [3] have held that the notice must be *received* by the district court to be considered filed. *See Haney v. Mizell Memorial Hosp.*, 744 F.2d 1467, 1472 (11th Cir.1984) (applying Rule 4(a)(1)); *Pryor v. Marshall*, 711 F.2d 63, 65 (6th Cir.1983) (applying Rule 4(a)(1)); *Sanchez v. Board of Regents*, 625 F.2d 521, 522 (5th Cir.1980) (per curiam) (applying Rule 4(a)(1)); *In re Bad Bubba Racing Products*, 609 F.2d 815, 816 (5th Cir.1980) (applying Bankruptcy Rule 802(a), now Rule 8002(a), and discussing Rule 4(a)(1)); *Allen v. Schnuckle*, 253 F.2d 195, 196–97 (9th Cir.1958) (discussing 28 U.S.C. § 2107). *Cf. Monark Boat Co. v. NLRB*, 708 F.2d 1322, 1329 (8th Cir.1983) (holding that an application was not filed with the NLRB until it was received, noting that "[t]his interpretation is consistent with cases holding that a document is filed in a court only when it is received, not when it is mailed"). *But see In re Pigge*, 539 F.2d 369, 371 (4th Cir. 1976) (applying Bankruptcy Rule 802(a), now Rule 8002(a), and holding that a notice of appeal was filed upon mailing).

■ The Supreme Court has recognized an exception to the rule that a notice is filed when received by the clerk with respect to *pro se* prisoners. *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 2384, 101 L.Ed.2d 245 (1988). In this most limited category of cases, the *pro se* prisoner filings are considered filed when "delivered to prison authorities for forwarding to the court clerk." *Id.* at 2385 (footnote omitted). The Court reasoned that:

> the rationale for concluding that receipt constitutes filing in the ordinary civil case is that the appellant has no control over delays between the court clerk's receipt and formal filing of the notice. This rationale suggests a far different conclusion here, since, as we discussed above, the lack of control of *pro se* prisoners over delays extends much further than that of the typical civil litigant: *pro se* prisoners have no control over delays between the prison authorities' receipt of the notice and its filing, and their lack of freedom bars them from delivering the notice to the court clerk personally.

*Id.* at 2384 (citations omitted).

The Supreme Court also recognized that many jurisdictions had rejected the proposition that mailing a notice equates to filing it, and stated that, "[t]o the extent these cases state the general rule in civil appeals, we do not disturb them." *Id.* Accordingly, except as to *pro se* prisoners under *Houston v. Lack*, we hold that a notice of appeal is filed under Rule 4(a)(1) when it is received by the clerk of the district court. *See Baker v. Raulie*, 879 F.2d 1396, 1398 (6th Cir.1989) (per curiam). Therefore, we agree with the district court's conclusion that placing a notice in the mail is not a filing under the Federal Rules of Appellate Procedure.

## II.

■ Vogelsang also argues that the district court abused its discretion by finding that his attorney's failure to ensure that the mailed notice of appeal was filed with the court was excusable neglect, and therefore, that the court should have granted an

---

**3.** The Advisory Committee's Note concerning Bankruptcy Rule 8002(a), previously Bankruptcy Rule 802, states that it "is an adaption of Rule 4(a)" of the Federal Rules of Appellate Procedure. Bankruptcy Rule 8002, advisory committee's note. The two rules track each other closely, except that "[t]he time to appeal from a judgment, order, or decree of a bankruptcy judge is 10 days, rather than the 30 days provided for in the civil practice." *Id.* Accordingly, we look to appellate court decisions applying Bankruptcy Rule 8002(a) as well as those considering Rule 4(a)(1). *See In re LBL Sports Center*, 684 F.2d 410, 412–13 n. 3 (6th Cir.1982) (per curiam).

extension of time to file his motion. He specifically argues that the district court erred by: (1) failing to give adequate weight to his attorney's affidavit, in which he states that the notice was mailed; (2) disregarding the fact that the defendants had notice that Vogelsang intended to appeal; (3) ignoring the purpose of Rule 4(a)(5); and (4) not considering the fact that claim of prejudice was not made by the defendants. We have thoroughly reviewed Vogelsang's contentions and again find them unpersuasive.

Under Rule 4(a)(5) the district court can extend the time for filing a notice of appeal. The rule states, in part, that:

> The district court, *upon a showing of excusable neglect or good cause,* may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a).

Fed.R.App.P. 4(a)(5) (emphasis added). Vogelsang filed a motion for time extension within thirty days after the expiration of the original appeal period. Thus, the only question before us is whether there was excusable neglect. *Id.* advisory committee's note; *accord 650 Park Ave. Corp. v. McRae,* 836 F.2d 764, 766 (2d Cir.1988).

As this court has previously noted when considering time extensions under Rule 4(a)(5), "only the district courts are empowered to grant such an extension. Our inquiry, therefore, is limited to whether the district court abused its discretion in refusing to find excusable neglect." *Benoist v. Brotherhood of Locomotive Eng'rs,* 555 F.2d 671, 672 n. 1 (8th Cir.1977) (per curiam) (citation omitted).

"In general, excusable neglect may be found where a party has failed to learn of an entry of judgment, or in extraordinary cases where injustice would otherwise result." *Id.* at 672. "The burden of demonstrating excusability lies with the party seeking the extension and excusability will not be found when the failure to timely file an appeal is caused by palpable oversight, administrative or clerical errors by the attorney or the attorney's staff, an attorney's busy schedule...." 9 J. Moore, B.

Ward & J. Lucas, *Moore's Federal Practice* ¶ 204.13[1.–3], at 4–107 (2d ed. 1989) (footnotes omitted); *see In re O.P.M. Leasing Serv.,* 769 F.2d 911, 916 (2d Cir.1985) (Friendly, J.).

We cannot conclude that the district court abused its discretion in finding that there was no excusable neglect in this case. The court found that Vogelsang's counsel had not demonstrated that his failure to file a timely notice of appeal was attributable to such extraordinary circumstances so as to justify a finding of excusable neglect. As the district court observed, its conclusion was consistent with recent decisions from other circuits; *see Pratt v. McCarthy,* 850 F.2d 590, 593 (9th Cir.1988); *650 Park Avenue Corp. v. McRae,* 836 F.2d 764, 766 (2d Cir.1988); *Oregon v. Champion Int'l Corp.,* 680 F.2d 1300, 1301 (9th Cir.1982) (per curiam), and is easily distinguished from cases involving excusable neglect based on mail delivery. In *Scarpa v. Murphy,* 782 F.2d 300, 301 (1st Cir.1986), the court found excusable neglect and in *Sanchez v. Board of Regents,* 625 F.2d 521, 522 (5th Cir.1980), the court remanded for findings on this issue, but both involved receipt, a few days late, of the notice of appeal by the clerk of the district court and thus differ significantly from the case before us today.

Finally, we find the Supreme Court's discussion of the plight of *pro se* prisoners in *Houston v. Lack* instructive in this case:

> Other litigants may choose to entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers, but only the *pro se* prisoner is forced to do so by his situation. And if other litigants do choose to use the mail, they can at least place the notice directly into the hands of the United States Postal Service (or a private express carrier); *and they can follow its progress by calling the court to determine whether the notice has been received and stamped, knowing that if the mail goes awry they can personally deliver notice at the last moment or that their monitoring will provide them with evidence to demonstrate ei-*

*ther excusable neglect or that the notice was not stamped on the date the court received it.  Pro se* prisoners cannot take any of these precautions; nor, by definition, do they have lawyers who can take these precautions for them.

108 S.Ct. at 2382–83 (emphasis added).

While the result today may appear harsh, we cannot conclude that under the record before us the district court erred in finding that there was no excusable neglect.

### III.

For the reasons stated above, we affirm the order of the district court.