65 F.3d 722
 33 Fed.R.Serv.3d 299
 Selma FINK; Craig Fink, as Personal Representative of the
Estate of Stanley Fink; Young America, Inc., Appellants,
v.
UNION CENTRAL LIFE INSURANCE COMPANY; Jack Pankow,
individually and as agent of Union Central Life
Insurance Company, Appellees.
Selma FINK; Craig Fink, as Personal Representative of the
Estate of Stanley Fink; Young America, Inc.,
Plaintiffs-Appellees,
v.
UNION CENTRAL LIFE INSURANCE COMPANY; Defendant-Appellant,
Jack Pankow, individually and as agent of the Union Central
Life Insurance Company, Defendant.
 Nos. 94-3347ND, 94-3526ND.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 15, 1995.
Decided Sept. 8, 1995.
 
 Robert J. Lamont, Minot, ND, argued, for Selma Fink, et al.
 Jerome C. Kettleson, Bismarck, ND, argued, for Jack Pankow.
 Mark V. Larson, Minot, ND, argued (Wanda L. Fischer, on the brief), for Union Central Life Ins.
 Before RICHARD S. ARNOLD, Chief Judge, JOHN R. GIBSON, Senior Circuit Judge, and FAGG, Circuit Judge.
 FAGG, Circuit Judge.
 
 
 1
 Following the death of Stanley Fink in 1991, Selma Fink, Stanley's spouse and beneficiary, Craig Fink, Stanley's son and personal representative, and Stanley's former employer, Young America, Inc. (collectively the Finks) brought this action to collect life insurance benefits from Union Central Life Insurance Company (Union). The Finks contend Union, the issuer of Young America's group life insurance policy, wrongfully denied benefits payable to Selma under a policy insuring Stanley's life. After the district court granted Union's motion for summary judgment, the Finks attempted to file an appeal. Because of an incorrectly addressed envelope, however, the Finks' notice of appeal reached the district court after the time to appeal had expired. See Fed.R.App.P. 4(a)(1). Asserting excusable neglect, the Finks filed a timely motion to extend the time for filing a notice of appeal. See Fed.R.App.P. 4(a)(5). The district court denied the Finks' motion and the Finks appeal. Union appeals from a separate district court order denying its request for attorney's fees as a prevailing party in the underlying lawsuit. We remand for reconsideration of the Finks' claim of excusable neglect.
 
 
 2
 Federal Rule of Appellate Procedure 4(a)(5) permits the district court to extend the time for filing an appeal if the party seeking the extension shows excusable neglect. The Finks contend the district court should have granted their motion to extend the time for filing a notice of appeal, because misaddressing their envelope is excusable neglect. The district court denied the Finks' motion based on our decision in Vogelsang v. Patterson Dental Co., 904 F.2d 427 (8th Cir.1990). In Vogelsang, we stated, " '[E]xcusab[le neglect] will not be found when the failure to [file a timely] appeal is caused by palpable oversight, administrative or clerical errors by the attorney or the attorney's staff, [or] an attorney's busy schedule....' " Id. at 431 (quoting 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice p 204.13[1.-3], at 4-107 (2d ed. 1989)).
 
 
 3
 Although Vogelsang supports the conclusion that the Finks have not shown excusable neglect, the Supreme Court recently established a more flexible analysis of the excusable neglect standard in Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, --- U.S. ----, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The Court in Pioneer held an attorney's inadvertent failure to file a proof of claim can constitute excusable neglect under Bankruptcy Rule 9006(b)(1). Id. at ----, 113 S.Ct. at 1492. Interpreting the plain meaning of the phrase excusable neglect, the Court concluded, "Congress plainly contemplated that the courts would be permitted, [when] appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Id. at ----, 113 S.Ct. at 1495. The Court held that when analyzing a claim of excusable neglect, courts should "tak[e] account of all relevant circumstances surrounding the party's omission," including: "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at ----, 113 S.Ct. at 1498; see Jones Truck Lines, Inc. v. Foster's Truck & Equip. Sales, Inc., No. 94-3860, 1995 WL 461576, at * 2 (8th Cir. Aug. 7, 1995).
 
 
 4
 We believe the Pioneer interpretation of excusable neglect under the Bankruptcy Rules also applies when interpreting excusable neglect under Federal Rule of Appellate Procedure 4(a)(5). See Pioneer, --- U.S. at ----, 113 S.Ct. at 1494 n. 3 (comparing interpretations of excusable neglect under Fed.R.Bankr.P. 9006(b)(1) with decisions under Fed.R.App.P. 4(a)(5)). " 'Because the [Pioneer ] Court's analysis of what constitutes "excusable neglect" in the bankruptcy context rested on the plain meaning of the terms, there is no reason that the meaning would be different in the context of Fed.R.App.P. 4(a)(5).' " Reynolds v. Wagner, 55 F.3d 1426, 1429 (9th Cir.1995) (quoting City of Chanute v. Williams Natural Gas Co., 31 F.3d 1041, 1046 (10th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1254, 131 L.Ed.2d 135 (1995)); see Virella-Nieves v. Briggs & Stratton Corp., 53 F.3d 451, 454 n. 3 (1st Cir.1995); see also United States v. Clark, 51 F.3d 42, 44 (5th Cir.1995) (applying Pioneer under Fed.R.App.P. 4(b)); United States v. Hooper, 9 F.3d 257, 259 (2d Cir.1993) (same). To the extent that our past decisions interpreting excusable neglect apply an unduly strict standard in conflict with Pioneer, they are no longer controlling precedent. Nevertheless, our earlier opinion in Vogelsang does recognize some factors with respect to mailing that remain relevant in an excusable neglect analysis. See Vogelsang, 904 F.2d at 431-32 (quoting Houston v. Lack, 487 U.S. 266, 271, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988)).
 
 
 5
 Because the district court did not consider Pioneer, we remand for reconsideration of the Finks' motion. Reynolds, 55 F.3d at 1429; Clark, 51 F.3d at 44; Hooper, 9 F.3d at 259. Although the principles enumerated in Pioneer are applicable, Pioneer 's holding is not germane to the issues in this case because the unusual form of the bankruptcy court's notice required a finding that the neglect of counsel was excusable. In remanding, however, we do not mean to suggest that the Finks can or cannot show excusable neglect. We reserve ruling on the merits of Union's appeal until the district court has ruled on the Finks' motion.